UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

FELIPE FERNANDEZ, on behalf of himself and all others similarly situated,

        Plaintiffs,

v.

ASIAN WORLD OF MARTIAL ARTS, INC.

        Defendant.

: Civil Action No.: 7:24-cv-04882-NSR

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/2024

---

## CONSENT DECREE AND ORDER

1. This Consent Decree and Order ("Consent Decree") is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff, Felipe Fernandez ("Plaintiff"), and Defendant, Asian World of Martial Arts, Inc. ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. Plaintiff filed this lawsuit in the United States District Court for the Southern District of New York entitled *Felipe Fernandez, on behalf of himself and all others similarly*

1

Document Ref: G6NCX-RF7FE-224FS-XRX7R

*situated v. Asian World of Martial Arts, Inc.*, Case No. 7:24-cv-04882-NSR (the "Action"). Plaintiff alleges that Defendant's website, "www.awma.com" (the "Website"), is not equally accessible to blind and visually-impaired consumers with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York State Civil Rights Law ("NYSCRL").

4. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, NYSHRL, and NYSCRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6. This Consent Decree is entered into by the Plaintiff, individually, but The Parties expressly intend and agree that this Consent Decree shall insure to the benefit of all persons with vision disabilities as defined by the ADA and/or state or local law, including those who are members of the putative class alleged in the Complaint, and intend and agree that such persons shall constitute third-party beneficiaries to this Consent Decree.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12181, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. The Parties agree that for purposes of the Action and this Consent Decree that Defendant is subject to personal jurisdiction in this District and venue is appropriate.

## AGREED RESOLUTION

8. Defendant denies the allegations in the Complaint, and by entering into this Consent Decree does not admit liability to any of the allegations in Plaintiff's Complaint. The Parties enter

Document Ref: G6NCX-RF7FE-224FS-XRX7R

into this Consent Decree for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

9. To avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief and damages raised in the Complaint. Accordingly, they agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief or damages.

10. This Consent Decree shall be a full, complete, and final disposition and settlement of Plaintiff's claims against the Company for injunctive relief and damages that have arisen out of the subject Complaint. The Parties agree that there has been no admission or finding of liability or violation of the ADA and/or any other state or federal civil rights, and this Consent Decree and Order should not be construed as such.

11. By virtue of this Consent Decree, Plaintiff expressly discontinues any and all class action claims related to the Action.

## DEFINITIONS

12. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

13. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's Website could constitute an undue burden, as defined in Title III of the ADA but as applied solely to Defendant's Website, or which could result in a fundamental alteration in the manner in which Defendant operates its Website or the

Document Ref: G6NCX-RF7FE-224FS-XRX7R

primary functions related thereto, or which could result in a loss of revenue or traffic on its Website related operations.

14. "Releasors" shall mean Plaintiff, on behalf of himself and any of his agents, employees, representatives, assigns, heirs, executors, trustees, partners and attorneys, and each of them individually and jointly.

15. "Releasees" shall mean the Defendant, its affiliates and related entities, together with its and their respective past, present, and future officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parent entities, subsidiary entities, other related entities, partners, insurers, contractors, independent consultants, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.

## TERM

16. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of twenty-four (24) months from the Effective Date or the date, if any, that regulations are adopted by the United States Department of Justice for websites under Title III of the ADA.

## GENERAL NON-DISCRIMINATION REQUIREMENTS

17. Pursuant to the terms of this Consent Decree, Defendant:

    a. shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

    b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from

Document Ref: G6NCX-RF7FE-224FS-XRX7R

the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

**INJUNCTIVE RELIEF IN COMPLIANCE WITH TITLE III OF THE ADA**

18. Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), including websites (including all pages therein and linked to therefrom) that can be navigated to from the Website or which when entered reroute to the Website (collectively the "Websites"), according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a. Within twenty-four (24) months of the Effective Date, to the extent not already done, Defendant shall modify the Websites as needed to substantially conform to the Web Content Accessibility Guidelines 2.1 and/or Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the Websites will be accessible to persons with vision disabilities.

Document Ref: G6NCX-RF7FE-224FS-XRX7R

b. The Parties acknowledge that Defendant's obligations under this Consent Decree do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or websites that Defendant does not own, operate, prepare or control but that are linked from the Websites (including, but not limited to, any content/websites hosted by third parties and implemented on the Website); and (ii) the provision of narrative description for videos. The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described above.

c. In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT") published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0") or any combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fail to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless met its obligations.

Document Ref: G6NCX-RF7FE-224FS-XRX7R

d.  If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Website.

## PROCEDURES IN THE EVENT OF DISPUTES

19. The procedures set forth in Paragraphs 19 through 20 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

20. If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach. The alleged breaching party must respond to such written notice of breach no later than 60 calendar days thereafter (the "Cure Period"), unless the parties agree to extend the time for response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Consent Decree may seek enforcement of compliance with this Consent Decree from the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

Document Ref: G6NCX-RF7FE-224FS-XRX7R

21.     Defendant shall not be in breach of this Consent Decree unless (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than 90 days from receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than 90 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Consent Decree or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

## **MONETARY RELIEF**

22.     Defendant will provide as additional consideration in resolution of all claims that were or could have been made in this or any related action, a monetary sum, as set forth in a Confidential Settlement Agreement executed between the Parties separately from this Consent Decree, which is not incorporated herein. Plaintiff agrees that neither Plaintiff nor Plaintiff's attorneys are entitled to any other monetary compensation as a result of this lawsuit, this Consent Decree, or any other claim Plaintiff may have against Defendant.

Document Ref: G6NCX-RF7FE-224FS-XRX7R

## RELEASE OF CLAIMS

23. For and in consideration of the promises, commitments and undertakings set forth in this Consent Decree, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Releasors shall be deemed to have jointly and severally forever released and discharged Releasees from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, legal proceedings, losses, fees, costs and expenses of any kind whatsoever, whether known or unknown, including, but not limited to, any related monetary, injunctive or declaratory relief, and for reimbursement of attorney's fees, costs and expenses, relating to the Website and the Complaint (the "Released Claims"). Plaintiff, on his own behalf and on behalf of the other Releasors, acknowledge that the Released Claims may include claims that are presently unknown, and that the release contained in this Consent Decree is intended to and does fully, finally and forever discharge all Released Claims, whether now asserted or unasserted, known or unknown, which arise out of or in connection with the Released Claims.

24. Plaintiff acknowledges that Plaintiff may hereafter discover facts different from, or in addition to, those which they now believe to be true with respect to the Released Claims. On his own behalf and on behalf of all of the Releasors, Plaintiff agrees that the foregoing release and waiver shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof, and that this Consent Decree contemplates the extinguishment of all such Released Claims. By executing this Consent Decree, Plaintiff acknowledges the following: (a) Plaintiff is represented by counsel of his own choosing; and (b) Plaintiff has been specifically advised by his counsel of the consequences of the above waiver and this Consent Decree generally.

25. Plaintiff expressly covenants that, as against any Releasee, Plaintiff has not and will not file, initiate, commence, institute, maintain, or prosecute any action at law, suit in equity or

Document Ref: G6NCX-RF7FE-224FS-XRX7R

other proceeding, or seek damages or other relief incurred or allegedly incurred by him, related to, arising out of, or in any way connected with the Complaint or any Released Claim.

## RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

26. This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until the Expiration Date.

## ENTIRE DECREE AND ORDER

27. This Consent Decree and Order, together with the Settlement Agreement which is not incorporated herein, constitutes the entire agreement between the Parties on the matters of injunctive relief and damages, attorney fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described in this Consent Decree.

28. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

Document Ref: G6NCX-RF7FE-224FS-XRX7R

AGREED:

**FELIPE FERNANDEZ**

_Felipe Fernandez_
_____

Date: __11/18/2024__

**ASIAN WORLD OF MARTIAL ARTS, INC.**

By: _Georgette Ciukurescu_
    Georgette CIUKURESCU

Title: _President & CEO_

Date: __11/19/2024__


**STEIN SAKS, PLLC**

_/s/ Rami Salim_
Rami Salim, Esq.
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
*Attorneys for Plaintiff*

**WARD LAW, LLC**

_/s/ Christopher M. Curci_
Christopher M. Curci, Esq.
Ward Law, LLC
15 West 38th Street
4th Floor, Suite 740
New York, NY 10018
*Attorneys for Defendant*

11

## COURT APPROVAL, ADOPTION AND ENTRY OF CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed the proposed Consent Decree,

FINDS AS FOLLOWS:

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

4) The Court's jurisdiction over this matter shall continue for 24 months; and

5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approved the Consent Decree and is doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED:

Dated: November 20, 2024
White Plains, New York

_____
Nelson S. Roman, U.S.D.J.

Document Ref: G6NCX-RF7FE-224FS-XRX7R